# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1238V
Filed: March 17, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
PAUL R. RODGERS,                      *
                                      *
               Petitioner,            *
v.                                    *
                                      *     Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *     Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
               Respondent.            *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*William E. Cochran, Jr., Black McLaren, et al., PC, Memphis, TN, for petitioner.*
*Amy P. Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On October 23, 2015, Paul R. Rodgers ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on October 9, 2014. On January 3, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 29).

      On February 7, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 33). Petitioner requests attorneys' fees in the amount of $39,909.00, and attorneys' costs in the amount of $6,560.41, for a total amount of $46,469.41. *Id.* at 11.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In compliance with General Order #9, petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. *Id.* at Ex. 3.

On February 17, 2017, respondent filed a response to petitioner's motion. (ECF No. 34). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent, however, further that he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id*. at 2. Respondent further states that the "Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *Id.* at 2. Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case." *Id.* at 3

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. HHS*, No. 15-545V (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the hourly rates for attorneys, paralegals and law clerks of the McLaren firm. The undersigned concluded that petitioner's counsel should be compensated at forum rates which are consistent with the rates requested in the instant application. However, the undersigned reduced the hourly rates billed for attorney travel time and for work performed by law clerks and paralegals in 2016. The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates except as follows. Consistent with *Henry, supra*, the undersigned reduces the award to reflect a rate of reduction for attorney travel time and for the 2016 law clerk and paralegal rates.

On January 6, 2016, and January 7, 2016, Mr. William Cochran billed a total of 13.0 hours for travel time, amounting to a total of $4,615.00. ECF No. 33-2, p. 7. The

undersigned reduces these hours by 50%.  *See, e.g., Hocraffer v. HHS*, No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special Masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").  This results in a reduction of $2,307.50.

Additionally, the undersigned tallies 19.1 hours of paralegal and law clerk time in 2016 and 2017, amounting to a total billing of $2,865.00.  (ECF No. 33-2, pp. 7-18).  Reducing the hourly rate to $145 reduces the total amount to $2,769.50, a reduction of $95.50.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| Requested attorneys' fees (based on 134.20 total hours): | $ 39,909.00 |
| Less 50% reduction for 13.0 travel hours: | $ -2,307.50 |
| Less 2016-2017 paralegal/law clerk rate reduction: | $   - 95.50 |
| **Adjusted total:** | **$ 37,506.00** |
| Costs: | $ 6,560.41 |
| **Total Attorneys' Fees and Costs Awarded:** | **$44,066.41** |

**Accordingly, the undersigned awards a lump sum of $44,066.41,[3] representing reimbursement for attorneys' fees and costs in the form of a check jointly payable to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.